IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-241-BO-BM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CALVIN A. PHELPS, LISA L. YAMAOKA, BANK OZK, and COUNTY OF NEW HANOVER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on a motion by defendants Calvin Phelps and Lisa Yamaoka to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded, the moving defendants have replied, and a hearing on the motion was held before the undersigned on November 7, 2025, at Raleigh, North Carolina.[1] In this posture, the motion is ripe for ruling.

BACKGROUND

Plaintiff, the United States, instituted this action by filing a complaint against Calvin Phelps, Lisa Yamaoka, Bank OZK, and the County of New Hanover on January 27, 2025. [DE 1]. The complaint alleges that Phelps and Yamaoka reside on Trails End Road in Wilmington, North Carolina and that they have failed to pay federal income tax liabilities associated with the 2012 tax year. *Id.* ¶ 4. The complaint further alleges that Phelps and Yamaoka, as well as defendants Bank of the Ozarks (now known as Bank OZK) and New Hanover County, each may have or claim an

---

[1] Counsel for plaintiff appeared via videoconference.

interest in one or more subject properties, identified as real property at 315, 317, 319, and 321 Trails End Road in Wilmington, North Carolina. *Id.* ¶¶ 5-11.

Plaintiff alleges two claims for relief. First, plaintiff seeks to reduce to judgment married filing jointly federal income tax assessments against Phelps and Yamaoka. Plaintiff alleges that on September 29, 2014, Phelps and Yamaoka were assessed tax liability for the tax period ending December 31, 2012, in the amount of $11,706,565.00. Plaintiff alleges that Phelps's and Yamaoka's total liability as of November 30, 2024, is $24,146,385.41. *Id.* ¶¶ 12-16. Second, plaintiff alleges a claim for foreclosure of federal tax lien, seeking a judgment that it holds valid and subsisting tax liens by virtue of the federal income tax assessment on Phelps's and Yamaoka's 2012 federal income tax liabilities and that the deferral tax liens for the tax year 2012 be foreclosed against the interests of Phelps and Yamaoka in the properties described above. *Id.* ¶¶ 17-20.

Defendants Bank OZK and County of New Hanover have answered the complaint. [DE 6]; [DE 10]. Bank OZK and County of New Hanover have further entered into stipulations with plaintiff. [DE 23]; [DE 27]. Defendants Phelps and Yamaoka have moved to dismiss the complaint for failure to state a claim. Specifically, Phelps and Yamaoka contend that the statute of limitations provided in 26 U.S.C. § 6502(a) bars plaintiff's claims against them.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

As noted above, Phelps and Yamaoka argue that plaintiff's complaint is barred by the statute of limitations. "A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "But affirmative defenses can be considered in resolving Rule 12(b)(6) motions when the facts surrounding the defense are clear from the complaint." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

> The Internal Revenue Code provides that
>
> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--
> (1) within 10 years after the assessment of the tax, or
> (2) if--
> (A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into; or
> (B) there is a release of levy under section 6343 after such 10-year period, prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before such release.

26 U.S.C. § 6502(a). Here, the complaint alleges that an assessment of the tax was made on September 29, 2014. [DE 1] ¶ 12. The complaint was filed on January 27, 2025. [DE 1]. Therefore, the complaint is time-barred on its face under 26 U.S.C. § 6502(a).

In opposition to the motion to dismiss, plaintiff argues that the complaint is not time-barred because of tolling events which occurred in this case. Specifically, plaintiff contends that Phelps

3

and Yamaoka submitted a request for an installment agreement on December 23, 2019, that the plaintiff accepted the agreement on April 3, 2020, and that the agreement was terminated on July 7, 2021. [DE 28] at 1; [DE 29]. Plaintiff argues that, under 26 U.S.C. § 6331(i)(5), the statute of limitations expired on February 8, 2025, and this complaint was timely filed. Next, plaintiff asserts that, even if it were required to plead any facts relating to the tolling of the limitations period, the proper result would not be to grant the motion to dismiss, but to permit plaintiff leave to amend the complaint. [DE 28] at 3. Plaintiff has not, however, filed a motion seeking leave to amend its complaint. *See* Fed. R. Civ. P. 15(a); Local Civil Rule 15.1.

"Plaintiffs are not ordinarily required to plead allegations relevant to potential affirmative defenses to an asserted claim." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Four-C-Aire, Inc.*, 929 F.3d 135, 152 (4th Cir. 2019). The Fourth Circuit has held, however, that "no such pleading is required except, perhaps, in the unusual case where a claim is filed *clearly* beyond the applicable limitations period and the plaintiff seeks to forestall its dismissal by alleging the facts" which would support tolling of the limitations period. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007).

The Court finds this to be such an unusual case. Plaintiff's complaint was filed plainly outside the ten-year limitations period, and, even drawing all inferences in plaintiff's favor, nothing on the face of the complaint would suggest that the complaint was timely filed. While the limitations period may be tolled, "the acts that entitle the plaintiff to tolling must be ple[d] in the complaint." *Conn v. First Union Bank*, Civil Action No. 94-0901-R, 1995 U.S. Dist. LEXIS 9242, at *2 n.2 (W.D. Va. Mar. 17, 1995); *cf. Baehr v. Creig Northrop Team, P.C.*, No. WDQ-13-0933, 2014 U.S. Dist. LEXIS 11030, at *14 (D. Md. Jan. 28, 2014) (acts which entitle plaintiff to tolling of RESPA limitations period must be affirmatively alleged).

4

Plaintiff does not allege any facts which would suggest that the limitations period would be tolled. Plaintiff further did not attach any documents to its complaint which would support that tolling may apply. Plaintiff did file a document with its opposition to the motion to dismiss, which purports to show that an installment plan was entered into. A court may consider documents attached to an opposition to a motion to dismiss, so long as they are expressly relied upon and integral to the complaint. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 n.2 (4th Cir. 2009). A document is integral to the complaint where the "complaint relies heavily upon its terms and effect[.]" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quotation and citation omitted); *see also Brentzel v. Fairfax Transfer & Storage, Inc.*, No. 21-1025, 2021 WL 6138286, at *2 (4th Cir. Dec. 29, 2021). In other words, "an integral document must, 'by its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Tagirova v. Elizabeth City State Univ.*, No. 2:16-CV-70-D, 2017 WL 4019516, at *4 (E.D.N.C. Sept. 11, 2017) (citation omitted) (listing cases holding same). Plaintiff's complaint does not expressly rely on the documents submitted by plaintiff, nor does it rely heavily on the terms and effect of the documents attached either to its opposition to the motion to dismiss or those filed shortly before the hearing in this case. [DE 38]. Plaintiff has also not shown that the documents it has submitted themselves give rise to the legal rights it asserts.

Nor has plaintiff filed a motion to amend its complaint. As plaintiff has not formally requested leave to amend, the Court is within its discretion to deny its informal request. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Compass Mktg., Inc. v. Flywheel Digit. LLC*, No. 23-1324, 2024 U.S. App. LEXIS 16290, at *4 (4th Cir. July 3, 2024) (in case where complaint was dismissed on statute of limitations grounds, finding that "because [plaintiff] did not move for leave to file an amended complaint, the district court did not abuse its discretion in

refusing to grant it leave to amend its complaint."). The Court is mindful that statutes of limitation "must receive a strict construction in favor of the Government." *Badaracco v. Comm'r*, 464 U.S. 386, 391 (1984) (quoting *E.I. Dupont de Nemours & Co. v. Davis,* 264 U.S. 456, 462 (1924)). But when this issue was raised by Phelps and Yamaoka, plaintiff could have filed an amended complaint as of right within twenty-one days or sought leave to amend after that period expired. Fed. R. Civ. P. 15(a). Plaintiff did neither.

Accordingly, the Court will grant the motion to dismiss by Phelps and Yamaoka because the facts as alleged on the face of the complaint show that the complaint is time-barred. There are no affirmative claims pleaded against Bank OZK or County of New Hanover, and the stipulations entered into between these two defendants and plaintiff concern the priority of liens on the properties identified in the complaint. The Court will therefore dismiss the complaint in its entirety.

## CONCLUSION

For the foregoing reasons, the motion to dismiss by defendants Phelps and Yamaoka [DE 24] is GRANTED and plaintiff's complaint is DISMISSED in its entirety. The clerk is DIRECTED to close the case.

SO ORDERED, this *18* day of November 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:25-cv-00241-BO-BM    Document 40    Filed 11/19/25    Page 6 of 6